UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES LARESE,

    Plaintiff,

v.                                                          Case No.:  2:22-cv-483-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff James Larese sues under 42 U.S.C. § 405(g) to challenge the Commissioner of Social Security's decision denying his request for child insurance benefits. (*See* Doc. 1.) For the reasons below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

### I. Background

Larese was born in 1981. As an adult, he applied for and was awarded supplemental security income (SSI). (Tr. 49.) For those benefits, his onset date was in 2009, and the Social Security Administration (SSA) determined in 2016 that the benefits would continue. (Tr. 49, 50, 53, 263.) Then, in 2020, Larese applied for child disability benefits alleging an onset date of June 29, 1999 (just after he turned 18-years old). (Tr. 62, 165.) Larese claims he could not work because of depression, anxiety, bipolar disorder, post-traumatic stress

disorder, head trauma, and asthma. (Tr. 186.) Larese alleged difficulty performing most daily activities. (Tr. 18.)

Child's insurance benefits are for those whose parents have worked and earned enough social-security credits and are entitled to benefits. 20 C.F.R. § 404.350. The Social Security Regulations (SSR) provide for the payment of disabled child's insurance benefits if the claimant is 18 years old or older and has a disability that began before attaining age 22. *Id.* § 404.350(a)(5). Thus, the relevant period here is June 29, 1999 (alleged onset date) to June 28, 2003 (age 22).

Following a hearing, the ALJ concluded at step two[1] that before Larese turned 22, "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." (Tr. 18.) The ALJ further found there "is generally no evidence to establish that the claimant has a medically determinable impairment of a sufficient duration to qualify as severe under the regulations during the relevant period." (Tr. 18.) Thus, the

---

[1] An individual claiming disability benefits must prove that he is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

ALJ did not go beyond step two and found that Larese was not disabled. (Tr. 21.) The Commissioner denied further review, and this lawsuit followed.

## II. Standard of Review

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Supreme Court recently explained, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). But the court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports his position; he must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Discussion

Larese presents three issues on appeal. First, he claims the ALJ ignored his arithmetic disorder. (Doc. 14 at 1.) Second, he alleges the ALJ failed to develop a full and fair record by failing to obtain records from Western Wayne Physicians. (*Id.*) And third, he claims the ALJ failed to consider a consultant's opinion that he met a listed impairment. (*Id.* at 2.) Larese's third argument is a winner, and thus the Court proceeds directly there.

The ALJ found there were no medical signs or laboratory findings to support the existence of a medically determinable impairment before Larese turning 22 and that "there is generally no evidence to establish that the claimant has a medically determinable impairment of a sufficient duration to qualify as severe under the regulations during the relevant period." (Tr. 18, 21.) Larese claims this finding directly contradicts an opinion by Thomas T.L. Tsai, M.D., in a form completed during the 2016 continuing disability review ("2016 form"). (Tr. 50, 53.) Dr. Tsai signed the form as a "physician or medical specialist." (Tr. 50.) One of Dr. Tsai's findings was that Larese is "incapable"

4

of working based on Listing 12.05A. (Tr. 50.) Dr. Tsai also noted on the 2016 form: "See PRT1 (MIRS) in DDE dated 2016-06-16." (Tr. 50.) The acronym "PRT" stands for "psychiatric review technique" used "to evaluate mental disorders for persons under age 18 when using Part A of the Listing of Impairments." POMS DI 28084.005.[2] The 2016 form was not mentioned by the ALJ in his decision, but the document is listed as an exhibit. (Tr. 22.) There is also no discussion of the PRT completed for the 2016 review.

Meeting the requirements of Listing 12.05A requires an intellectual disorder with three conditions that must be satisfied:

> 1. Significantly subaverage general intellectual functioning evident in your cognitive inability to function at a level required to participate in standardized testing of intellectual functioning; and
>
> 2. Significant deficits in adaptive functioning currently manifested by your dependence upon others for personal needs (for example, toileting, eating, dressing, or bathing); and
>
> 3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. Part 404, Subpt. P, App. 1, §12.05A. Larese focuses on the third requirement, arguing that the ALJ's conclusion that he did not suffer from any medically determinable impairment before age 22 contradicts Dr. Tsai's

---

[2] *See* https://secure.ssa.gov/poms.nsf/lnx/0424583005. The SSA's Program Operations Manual System (POMS) contains "publicly available operating instructions for processing Social Security claims." *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Est. of Keffeler*, 537 U.S. 371, 385 (2003). The POMS may be considered persuasive even though it does not have the force of law. *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003).

finding. (Tr. 18.) Larese further asserts that given Dr. Tsai's finding, the ALJ had a duty to develop the record to obtain the evidence from the 2016 continuous disability review which led to Dr. Tsai's opinion. (Doc. 14 at 16-17.)

The Government responds that an opinion on an issue that is dispositive of a case—such as whether a claimant meets the severity of any impairment in the regulatory listings, 20 C.F.R. Part 404, Subpart P, Appendix 1—is not a medical opinion because it is an opinion on an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2). The SSA "will not give any special significance to the source of an opinion on issues reserved to the Commissioner." *Id.* § 404.1527(d)(3). The Government also argues that the ALJ was not required to obtain evidence from the 2016 continuing disability review. (Doc. 17 at 12.) In the Government's view, the 2016 form is not evidence in this case and does not affect the ALJ's decision here. (Doc. 17 at 12.)

The problem with the Government's argument is that the 2016 form *was* exhibited as evidence to the ALJ's decision and included in the record before the Court here. (Tr. 22.) Thus, the Government's argument that it is not evidence in this case isn't accurate.

It isn't clear why the 2016 form is in the record, because, according to the Government, it is unnecessary to the ALJ's decision. And no one explains why the form was included, nor convincingly explains why the Court should turn a blind eye to its contents. The Government cites *Hunter v. Soc. Sec. Admin.,*

6

*Comm'r*, 808 F.3d 818 (11th Cir. 2015) when arguing that the 2016 claim file is not evidence in this case. (Doc. 17 at 12.) But in *Hunter*, the plaintiff argued that a favorable administrative decision was new and material evidence that the ALJ should have considered when issuing an earlier unfavorable decision. *Id.* at 821-22. The court found that the later favorable decision was not evidence for purposes of § 405(g) and that the mere existence of a later favorable decision by one ALJ does not undermine the validity of another ALJ's earlier conclusion. *Id.* at 822. With that explanation, it is easy to see that *Hunter* is simply based on a different set of circumstances than those presented here.

Medical opinions and prior administrative findings are two categories of evidence the Commissioner considers in making disability determinations. *See* 20 C.F.R. § 404.1513(a). The regulations define "medical opinion" as "a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s) and whether [he or she] ha[s] one or more impairment-related limitations or restrictions" in several areas. 20 C.F.R. § 404.1513(a)(2). "A prior administrative medical finding is a finding, other than the ultimate determination about whether [a claimant is] disabled, about a medical issue made by [the SSA's] Federal and State agency medical and psychological consultants at a prior level of review … in [the claimant's] current claim based on their review of the evidence in [the] case record … such

7

as: … (iii) [s]tatements about whether your impairment(s) meets or medically equals any listing[.]" *Id.* § 404.1513(a)(5). Based on these definitions, Dr. Tsai's opinion qualifies as a prior administrative medical finding.

The Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Yet the Commissioner "will articulate in his determination or decision how persuasive he find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." *Id.* § 404.1520c(b). "When a medical source provides one or more medical opinions or prior administrative medical findings, [the Commissioner] will consider those medical opinions or prior administrative medical findings from that medical source together using [the following] factors[:] supportability, consistency, relationship with the claimant, specialization, and other factors." *Id.* § 404.1520c(a)-(c).

Here, the ALJ did not consider the prior administrative medical findings of Dr. Tsai in accordance with § 404.1520c. And though there is "no rigid requirement" that an ALJ "specifically refer to every piece of evidence in his decision," a reviewing court must still be able to conclude that he "considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211. Nothing in the ALJ's decision convinces the Court that the ALJ considered (and

8

rejected) the determination that Larese's condition met Listing 12.05A as Dr. Tsai found.

Granted, as the Government argues, a statement on a form stating that Larese meets Listing 12.05A doesn't require remand because whether a claimant meets or equals a listing is an issue reserved to the Commissioner. (Doc. 17 at 13.) But Larese has a compelling response to that—he argues that the ALJ had a duty to develop the record and obtain the evidence from the 2009 SSI application and the 2016 continuous disability review which led to Dr. Tsai's opinion. (Doc. 14 at 16-17.) The Court agrees.

The ALJ has a duty to develop a full and fair record, even if the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). If an ALJ fails to fulfill his duty to fully develop the record and "the record reveals evidentiary gaps which result in unfairness or clear prejudice," remand is warranted. *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995). Demonstrating prejudice "at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Coven v. Comm'r of Soc. Sec.*, 384 F. App'x 949, 951 (11th Cir. 2010).

There's a lot to be desired after review of the 2016 form, as it's clear there are medical records reviewed by the consultant to conclude that Larese satisfied Listing 12.05A. Thus, there is an evidentiary gap in the record, and

9

Larese has shown prejudice. Those records could help Larese's case, particularly since they are directly relevant to the period here and because the ALJ denied disability because "there is generally no evidence to establish that the claimant has a medically determinable impairment of a sufficient duration to qualify as severe under the regulations during the relevant period." (Tr. 18.) Thus, the Court cannot find, considering the record as a whole, that substantial evidence supports the ALJ's decision and will remand this case for further administrative proceedings.

Larese's remaining arguments focus on his arithmetic disorder and failure to obtain medical records. These issues need not be addressed because the case is being remanded to the Commissioner for further consideration. *See, e.g.*, *Demenech v. Sec'y of the Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the later proceedings); *Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017) (finding it appropriate to omit discussion of two other contentions raised by claimant in light of a remand, which would generate a new decision).

Accordingly, it is now **ORDERED**:

1.     The decision of the Commissioner is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) for the Commissioner to address the issue outlined above and take any other action deemed necessary.

2.     The Clerk is directed to enter judgment for Larese and against the Commissioner and close the file.

**ORDERED** in Fort Myers, Florida this July 7, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

11